900 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Samuel G. and Jean D. MILLER, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondents-Appellee.
 No. 89-1736.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1990.
 
 On Appeal from the United States Tax Court, 2667-86.
 USTC
 AFFIRMED.
 Before KRUPANSKY and MILBURN, Circuit Judges, and WILLIAM K. THOMAS, Senior District Judge*.
 PER CURIAM.
 
 
 1
 Petitioners-appellants Samuel G. Miller and Jean D. Miller (jointly, taxpayer) appeal from a decision by the United States Tax Court upholding an assessment by the Commissioner of Internal Revenue (Commissioner) of a $41,952.45 income tax deficiency for the taxable year 1980.
 
 
 2
 In December, 1978 taxpayer, along with William Allen (Allen) and Paul Logsdon (Logsdon) formed a business venture to own and operate several "Command Performance" hair salon franchises in Kentucky, Tennessee, and South Carolina. In January, 1979, taxpayer incorporated Sam Miller Enterprises Inc. (SME) for the purpose of acquiring necessary franchise and operating licenses. Taxpayer was sole shareholder, president, and chief operating officer of SME throughout its existence. Taxpayer's attorney was SME's vice-president and secretary.
 
 
 3
 SME's fundamental purpose was to acquire licenses for the "Command Performance" salons, which would in turn be operated by Allen and Logsdon. On January 22, 1979, taxpayer advanced a check in the amount of $15,000 to SME upon which he noted, "FOR equity." The next day, taxpayer advanced another check in the amount of $135,000 upon which was noted, "FOR note proceeds." Each check was deposited in SME's bank account. Taxpayer had borrowed $135,000 of the $150,000 he had advanced to the corporation through a loan from the Citizens Fidelity Bank & Trust Company.
 
 
 4
 At the time he transferred $150,000 to the corporation, taxpayer received 150 shares of common stock in SME. Taxpayer claims that the entire initial investment was applied toward acquisition of these shares, i.e., the entire amount was to be applied toward taxpayer's equity stake in SME. The corporate financial records, however, reflected the $135,000 as a corporate liability evidenced by a demand note dated May, 1979, with interest fixed at the prime rate.
 
 
 5
 The single issue on appeal is the amount of the taxpayer's equity investment in SME. The tax court held that only $15,000 of the $150,000 initial investment constituted equity, with the balance constituting a loan from taxpayer to SME.
 
 
 6
 Upon review of petitioner's assignment of error, the record in its entirety, the briefs of the parties, and the arguments of counsel, the decision of the tax court is AFFIRMED for the reasons stated in that court's opinion dated April 10, 1989.
 
 
 
 *
 The Honorable William K. Thomas, Senior District Judge, United States District Court for the Northern District of Ohio, sitting by designation